UNITED STATES of America,

v.

John F. "Duffy" CONLEY, William C. Curtin, Sheila F. Smith, John Francis "Jack" Conley, Thomas "Bud" McGrath, Mark A. Abbott, Thomas Rossi, William Steinhart, Roberta Fleagle, Robin Spratt, Monica C. Kail, William J. Reed, Joanne T. Smith, Kenneth "Ron" Goodwin, Lawrence N. "Neudy" Demino, Sr., Christopher "Chris" Kail, Frank Garofalo, Thomas D. Ciocco, Michael Sukaly, Phillip M. "Mike" Ferrell, Anestos "Naz" Rodites, and William E. Rusin, Defendants.

Crim. No. 91–178.

United States District Court, W.D. Pennsylvania.

June 3, 1993.

Thomas W. Corbett, Jr., U.S. Atty., for the W.D. of Pa., James R. Wilson, Paul E. Skirtich, Asst. U.S. Attys., for U.S.

James Wymard, William Difenderfer, Ellen Viakley, Gary Gerson, Anthony Mariani, Lee Markovitz, Ray Radakovich, Stanley Greenfield, Martha Bailor, Frank W. Ittel, Jr., Raymond M. Maloney, John Zagari, Foster Stewart, Edward J. Osterman, Carl M. Janavitz, Carmen A. Martucci, Joel Johnston,

John Goodrich, Vincent Baginski, Samuel J. Reich, William Acker, Joseph Kanfoush, Michael Foglia, Carl Parise, and Caroline Roberto, Pittsburgh, PA, for defendants.

## MEMORANDUM OPINION

LEE, District Judge.

Pending before the Court are Defendant Frank Garofalo's Motion to Dismiss Indictment (Document No. 227) and Defendant Phillip M. "Mike" Ferrell's Motion to Strike from the Indictment the Request for Forfeiture arising under 18 U.S.C. § 1955(d) (Document No. 379, in part). The motions are not related and will be addressed in turn.

*Garofalo's Motion to Dismiss Indictment*

■ Although it is termed a motion to dismiss, this motion seeks only a hearing to determine whether the Indictment was presented to the Grand Jury having been already signed by the United States Attorney, and if so, whether each Grand Juror had a copy of the indictment and for how long and whether the alleged pre-signing of the indictment unduly influenced the Grand Jury in this case. The Government neither admits nor denies that the Indictment was presented pre-signed to the Grand Jury. Rather, the Government points out that Garofalo had an opportunity to attempt to make a record on this issue and that without actual prejudice, dismissal of the indictment is an inappropriate remedy. Government's Second Omnibus Response to Defendants' Pretrial Motions, at 2 (citing, *inter alia, United States v. Cole,* 755 F.2d 748 (11th Cir.1985)).

The Court holds that Garofalo has not made, or attempted to make, a record that would support the Court's interjecting itself into the concluded Grand Jury proceedings. Defendant's arguments are phrased in general terms, rather than tailored to specific potential prejudice. Moreover, the Defendant's hope that the United States Court of Appeals

for the Third Circuit would be favorably inclined to his position has not yet materialized. *See United States v. Chiarelli,* Criminal No. 91–3062 (W.D.Pa.), *aff'd mem.,* 961 F.2d 1569 (3d Cir.1992). If Garofalo were entitled to review the Grand Jury proceedings on the record he made in this case, the secrecy of the proceedings would be utterly voided. Defendant Frank Garofalo's Motion to Dismiss Indictment (Document No. 227) will be denied.

*Ferrell's Motion to Strike from the Indictment the Request for Forfeiture arising under 18 U.S.C. § 1955(d)*

■ The Indictment contains forfeiture allegations pursuant to both 18 U.S.C. § 982 and 18 U.S.C. § 1955(d). Ferrell moves to strike the forfeiture allegations arising from Section 1955(d), conceding that the Government may seek forfeiture under Section 1955(d), but contesting the propriety of including *criminal* forfeiture allegations arising from Section 1955(d) in the Indictment. The Government contends that Section 1955(d) depends for its application on a criminal statute and criminal forfeiture is therefore permitted. The Court remains of the opinion that Section 1955(d) forfeiture "is properly an *in rem* civil proceeding, rather than the criminal forfeiture procedure employed by the government herein." *United States v. Conley,* Criminal No. 91–178, slip op. at 13 (W.D.Pa.1992) (Document No. 290).[1]

The Government cites *United States v. Premises and Real Property at 614 Portland Ave.,* 670 F.Supp. 475 (W.D.N.Y.1987), *aff'd,* 846 F.2d 166 (2d Cir.1988) as "implying" that it is permissible to employ Section 1955(d) for criminal forfeitures. To the contrary, that case explained the clear differences between civil and criminal forfeitures, stating:

> Forfeiture statutes, whether civil or criminal in nature, are inextricably linked to violations of the law. "The enactment of

---

1. In partially granting certain defendants' motion to vacate an *ex parte* temporary restraining order against certain assets, this Court has previously stated in this case:

> The government's proof has demonstrated the likelihood that the restrained assets are connected to the illegal activities described in

Count 2 of the Indictment, with regard to an illegal gambling business under 18 U.S.C. § 1955, however, any forfeiture under such section is properly an *in rem* civil proceeding, rather than the criminal forfeiture procedure employed by the government herein.

*Conley,* slip op. at 13.

.forfeiture statutes has not abated; contemporary federal and state forfeiture statutes reach virtually any type of property that might be used in the conduct of a criminal enterprise." *Calero–Toledo v. Pearson Yacht Leasing Company, supra*, 416 U.S. [663,] 683, 94 S.Ct. [2080,] 2092 [40 L.Ed.2d 452]. As the Government correctly notes "criminal forfeitures are part and parcel of a criminal prosecution, *if authorized by statute*, and are incorporated into the charging instrument. Rules 7(c), 31(e) and 32(b), Fed.R.Crim.P." (Plaintiff's Memorandum at p. 16). By contrast, civil forfeiture proceedings, in rem, "stand independent of, and wholly unaffected by any criminal proceedings in personam." *The Palmyra*, 25 U.S. (12 Wheat) 1, 15, 6 L.Ed. 531 (1827); *see also, Calero–Toledo, supra*, 416 U.S. at 684, 94 S.Ct. at 2092.

*Id.* 670 F.Supp. at 478–79 (emphasis added). The court denied a challenge to a civil *in rem* forfeiture proceeding under § 1955(d)—a challenged based on the ground that no conviction had been obtained under § 1955(a) or (b)—finding that "Section 1955 is in the tradition of these civil forfeiture statutes and does not require any underlying criminal, in personam, conviction." *Id.* at 479; *see also 614 Portland Ave.*, 846 F.2d at 167 (affirming that "the civil forfeiture provision of 18 U.S.C. § 1955(d)" applies to both real and personal property).

Congress passed Section 1955(d) at the same time it passed 18 U.S.C. § 1963, which contains express provision for criminal forfeiture. Organized Crime Control Act of 1970, Pub.L. 91–452, 84 Stat. 937, 943; *see also* 21 U.S.C. § 853; 18 U.S.C. § 982 (both forfeiture statutes expressly providing for criminal forfeiture). Ferrell correctly states that the Notes of Advisory Committee on Rules, speaking of the addition of Rule 7(c)(2) in the 1972 Amendments, further supports his position. The Notes state:

Subdivision (c)(2) is new. It is intended to provide procedural implementation of the recently enacted criminal forfeiture provision of the Organized Crime Control Act of 1970, Title IX, § 1963, and the Comprehensive Drug Abuse Prevention and Control Act of 1970, Title II, § 408(a)(2).

The Congress viewed the provisions of the Organized Crime Control Act of 1970 as reestablishing a *limited* common law criminal forfeiture.

*Id.* (emphasis added); *see also* Notes of advisory Committee on Rules, 1979 Amendments (Rule 7(c)(2) amended to clarify that it does not apply to civil *in rem* forfeitures).

■ Congress knew how to create criminal forfeiture provisions at the time Section 1955(d) was created, but Congress did not so create Section 1955(d). Congress intended Section 1955(d) to be a traditional civil *in rem* proceeding. To the extent that Congressional intent on this matter is not clear, Ferrell is entitled to the benefit of the "rule of lenity." *United States v. Enmons*, 410 U.S. 396, 411, 93 S.Ct. 1007, 1015, 35 L.Ed.2d 379 (1973); *United States v. Long*, 654 F.2d 911, 914 (3d Cir.1981). Defendant Phillip M. "Mike" Ferrell's Motion to Strike from the Indictment the Request for Forfeiture arising under 18 U.S.C. § 1955(d) (Document No. 379, in part) will be granted.

### ORDER OF COURT

AND NOW this 1st day of June, 1993, it is hereby ORDERED as follows:

(1) The motions of Defendants John F. "Duffy" Conley (Document No. 421, in part), John Francis "Jack" Conley (Document No. 418, in part) and Anestos "Naz" Rodites (Document No. 419, in part) to join in Defendant Phillip M. "Mike" Ferrell's Motion to Strike from the Indictment any Request for Forfeiture arising under 18 U.S.C. § 1955(d) (Document No. 379, in part) are GRANTED.

(2) Defendant Phillip M. "Mike" Ferrell's Motion to Strike from the Indictment any Request for Forfeiture arising under 18 U.S.C. § 1955(d) (Document No. 379, in part) is GRANTED and it is ORDERED that Paragraph 4 of the Forfeiture Allegations of the Indictment is STRICKEN.

(3) The motions of Defendants William C. Curtin (Document No. 423, in part), John Francis "Jack" Conley (Document No. 418, in part) Joanne T. Smith (Document No.

408, in part), Kenneth "Ron" Goodwin (Document No. 424, in part), Lawrence N. "Neudy" Demino, Sr. (Document No. 428, in part), Thomas D. Ciocco (Document No. 433, in part), Michael Sukaly (Document No. 430, in part) and Phillip M. "Mike" Ferrell (Document No. 432, in part) to join in Defendant Frank Garofalo's Motion to Dismiss Indictment (Document No. 227) are GRANTED.

(4) Defendant Frank Garofalo's Motion to Dismiss Indictment (Document No. 227) is DENIED;

(5) IT IS FURTHER ORDERED that the above referenced motions remain pending to the extent that this Order does not expressly rule upon them.