UNITED STATES of America,

v.

**John F. "Duffy" CONLEY, Defendant.**

**Criminal Nos. 91–178, 94–182.**

United States District Court,
W.D. Pennsylvania.

Sept. 14, 1995.

**170**

James R. Wilson, Assistant United States Attorney, William D. Braun, U.S. Department of Justice, for U.S.

James A. Wymard, Carl Max Janavitz, Pittsburgh, PA, Peter Quijano, New York City, for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

Before the Court is Defendant's Motion for New Trial (Document No. 1340), which is opposed by the United States of America ("Government") (Document No. 1380). The Court, having considered the briefs of counsel, the recent Supreme Court case of *Wilson v. Arkansas,* as well as other applicable law, the evidence presented at trial and specific portions of the transcript of the original suppression hearings, is now prepared to rule.

### I. FACTUAL BACKGROUND

The facts underlying Defendant's conviction have been amply set forth in the previous opinions which have been rendered in this case by the Court of Appeals for the Third Circuit, and by the United States District Court for the Western District of Pennsylvania.[1] A brief summary of the case and the facts on which the motion is based is appropriate, however.

On June 23, 1995, after approximately nine weeks of a second trial,[2] a jury returned a verdict of guilty against Defendant on count one of the indictment of Criminal No. 91–178 charging Defendant with conspiracy to operate an illegal gambling business and to launder the proceeds therefrom in violation of 18 U.S.C. § 371 and a verdict of guilty to count two of the same indictment charging him with operating an illegal gambling business in violation of 18 U.S.C. § 1955.[3] A pretrial motion to suppress physical evidence seized during various searches conducted on September 23, 1988 by state officers pursuant to state warrants was previously denied, and such evidence was introduced at trial.

On July 12, 1995, Defendant filed a Motion for New Trial. The Motion for New Trial was not accompanied by supporting memorandum. On August 4, 1995, Defendant filed his "Memorandum in Support of Defendant's Motion for New Trial" (Document No. 1384). Defendant's motion alleges that the Court erred in two respects: (1) in denying Defendant's pretrial motion for suppression of physical evidence, which sought suppression of all physical evidence obtained pursuant to the September 23, 1988 search of 930 Saw Mill Run Boulevard on the basis of the officers' failure to knock and announce their presence prior to entry, *United States v. Conley,* 856 F.Supp. 1010 (W.D.Pa.1994), and

---

1. *United States v. Conley,* 37 F.3d 970 (3d Cir. 1994); *United States v. Conley,* 4 F.3d 1200 (3d Cir.1993); *United States v. Conley,* 859 F.Supp. 909 (W.D.Pa.1994); *United States v. Conley,* 859 F.Supp. 899 (W.D.Pa.1994); *United States v. Conley,* 859 F.Supp. 887 (W.D.Pa.1994); *United States v. Conley,* 859 F.Supp. 877 (W.D.Pa.1994); *United States v. Conley,* 859 F.Supp. 864 (W.D.Pa.1994); *United States v. Conley,* 859 F.Supp. 853 (W.D.Pa.1994); *United States v. Conley,* 859 F.Supp. 847 (W.D.Pa.1994); *United States v. Conley,* 859 F.Supp. 830 (W.D.Pa.1994); *United States v. Conley,* 856 F.Supp. 1034 (W.D.Pa.1994); *United States v. Conley,* 856 F.Supp. 1010 (W.D.Pa.1994); *United States v. Conley,* 833 F.Supp. 1121 (W.D.Pa.1993); *United States v. Conley,* 826 F.Supp. 1536 (W.D.Pa. 1993); *United States v. Conley,* 826 F.Supp. 1533 (W.D.Pa.1993); *United States v. Conley,* 826 F.Supp. 1527 (W.D.Pa.1993); *United States v. Conley,* 813 F.Supp. 372 (W.D.Pa.1993).

2. The first trial, after approximately six weeks, ended in a mistrial on February 6, 1995.

3. The jury was deadlocked as to the substantive money laundering charges of the indictment of Criminal No. 94–182 and a mistrial was declared as to those charges on June 23, 1995.

(2) the Court's denial of Defendant's Motion for Reconsideration.[4]

### a. *Pretrial Motion for Suppression of Physical Evidence and Defendant's Motion New Trial*

On January 7, 1994, the Court denied Defendant's motion for suppression and upheld the legality of a search conducted on September 23, 1988, by the Pittsburgh police at a business establishment located at 930 Saw Mill Run Boulevard in Pittsburgh, Pennsylvania. *United States v. Conley*, 856 F.Supp. 1010 (W.D.Pa.1994). The Court concluded that "[t]he state officers who executed the search warrant for 930 Saw Mill Run Boulevard on September 23, 1993 (sic) comported with the reasonableness requirements of the Fourth Amendment in entering the 930 Saw Mill Run premises without knocking and announcing their presence and authority." *Id.* at 1032.

On May 22, 1995, during the pendency of the second Conley trial, the United States Supreme Court issued its opinion in *Wilson v. Arkansas*, holding that the "common-law 'knock and announce' principle forms a part of the reasonableness inquiry under the Fourth Amendment." *Wilson*, — U.S. —, —, 115 S.Ct. 1914, 1916, 131 L.Ed.2d 976 (1995). In his motion for new trial, Defendant requests the Court to reconsider its conclusion upholding the 1988 search of the 930 Saw Mill Run premises in light of the *Wilson v. Arkansas* decision.

### b. *Government's Response to Defendant's Motion for New Trial*

The Government contends that the recent *Wilson* opinion does not provide any basis for the Court to modify or reverse its earlier conclusion regarding the 1988 search conducted at the Saw Mill Run premises. Quoting the *Wilson* opinion, the Government asserts that "the [Supreme] Court left to the lower courts 'the task of determining the circumstances under which an unannounced entry is reasonable under the Fourth Amendment.' Most critically, the Supreme Court was concerned with entry into a dwelling, not a commercial establishment." Government's Response, at 3 (quoting *Wilson*, — U.S. at —, 115 S.Ct. at 1919).

## II. The "Knock and Announce" Principle

As the Superior Court of Pennsylvania explained, the knock and announce rule is derived from English common law: "the 'knock and announce' rule's origins predate the United States Constitution. It was born in English Common Law and was subsequently adopted in America." *Commonwealth v. Curtin*, 427 Pa.Super. 224, 628 A.2d 1132, 1137 (1993). The apparent genesis for the knock and announce rule in the common law of England, as observed by the King's Bench, was to preclude unnecessary damage to a dwelling house "for the law without a default in the owner abhors the destruction or breaking of any house (which is for the habitation and safety of man) by which great damage and inconvenience might ensue to the party, when no default is in him; ...." Kemal Alexander Mericli, *The Knock and Announce Rule has Constitutional Dignity—Wilson v. Arkansas Examined*, Pittsburgh L.J., July 24, 1995, at 1 (quoting *Semayne's Case*, 77 Eng.Rep. 194 (K.B.1603)).

Until the *Wilson* decision, the Supreme Court had never expressly held that the "knock and announce" principle was an element of the reasonableness inquiry under the Fourth Amendment. In *Wilson*, however, the Supreme Court specifically stated "we have little doubt that the Framers of the Fourth Amendment thought that the method of an officer's entry in a **dwelling** was among the factors to be considered in assessing the reasonableness of a search or seizure." *Wilson*, — U.S. at —, 115 S.Ct. at 1917. (emphasis added). Furthermore, the Supreme Court stated that "in some circumstances an officer's unannounced entry into a **home** might be unreasonable" under the Fourth Amendment. *Id.*

---

4. As the Government correctly points out in its Response, Defendant's motion was never actually filed nor presented to the Court for consideration. Rather, the Court informed counsel that the appropriate time for any discussion/argument pertaining to the impact on this case, if any, of the United States Supreme Court decision in *Wilson v. Arkansas*, — U.S. —, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995), was after a verdict, if not made moot.

172

It is evident from the plain language of the Supreme Court's decision, that the Supreme Court was concerned with the entry into a dwelling, not a commercial establishment such as the one at issue in Defendant's motion to suppress. While this Court can envision certain circumstances in which the knock and announce rule could be applied to certain commercial structures, this Court is not broadly interpreting the *Wilson* decision so as to apply it to all commercial structures. The Court can not and will not say that there is a bright line between the application of the "knock and announce" rule to a dwelling and a commercial establishment, but rather, based on the teachings in *Wilson*, the Court believes that the circumstances of each factual situation should be considered by the Court in determining whether the unannounced entry is unreasonable under the Fourth Amendment.[5]

Assuming, however, that the knock and announce rule is applicable to the commercial structure located at 930 Saw Mill Run Boulevard, and applying the knock and announce rule as part of the Fourth Amendment reasonableness inquiry as mandated by *Wilson*, the Court has been shown nothing that would persuade it to abandon its former ruling.

The record is clear that Jack Conley saw Detectives Bosetti and Quinlan, in their street clothes, as well as the uniformed officer, as the officers walked along the side of the building to reach the back door. Moreover, when the officers reached the back door, the storm door was closed, but unlocked and the inner door was open. After passing through the doorway between the storage room and the first-floor office, the officers identified themselves as police officers and announced that they were there to serve a search warrant for the premises. The officers entered the 930 Saw Mill Run premises during day-light, business hours. They inflicted no damage to Jack Conley's property in doing so. Given these facts, the search was not conducted in an unreasonable

manner within the meaning of the Fourth Amendment and compliance with the "knock and announce" rule was unnecessary.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the execution of the search warrant for 930 Saw Mill Run Boulevard, Pittsburgh, Pennsylvania, on September 23, 1988, comported with the reasonableness requirements of the Fourth Amendment notwithstanding that the officers executing the warrant did not knock and announce their presence. An appropriate order denying Defendant's motion for new trial will be issued.

---

5. While Defendant, in his memorandum in support of new trial, referred the Court to numerous cases in which circuit courts have held that the only justification for failure to knock and announce is the safety of the officers and immediate likelihood of destruction of evidence, none of the cases involved the search of a commercial structure.